IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MILLER AUTO LEASING CO. d/b/a MILLER TRUCK LEASING, CO., <br><br> Plaintiff, <br> v. <br><br> A&R WHOLESALE FOOD DISTRIBUTORS, INC. d/b/a A&R FOOD DISTRIBUTORS, JEANINE KINDNESS, and G. SCOTT KINDNESS, <br><br> Defendants. | Civil No. 17-7088 (RBK/KMW) <br><br> **OPINION** |

**KUGLER,** United States District Judge:

This suit arises from A&R Wholesale Food Distributor's ("A&R") alleged breach of contract with Miller Auto Leasing Co., Inc. ("Plaintiff"). Plaintiff alleges that Jeanine Kindness ("Kindness"), acting as A&R's guarantor in its leasing agreement with Plaintiff, is individually, jointly and severally liable for A&R's lease default. Plaintiff brings this suit against Kindness to enforce Kindness's duty to fulfill A&R's contractual obligations. Presently before the Court is Plaintiff's motion for entry of default judgment against Kindness (Doc. No. 8). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

This case arises from the alleged breach of a written Truck Lease and Service agreement. Plaintiff is a truck leasing company. (Compl. at 2). Plaintiff and A&R entered into a lease agreement ("Lease Agreement") in April of 2016. (*Id.* at 3). At that time, Kindness entered into a related agreement ("Guaranty Agreement") with Plaintiff to serve as a guarantor for A&R's obligations under the lease. (*Id.* at 7). Plaintiff maintains its principal place of business in Lumberton, Burlington County, New Jersey. (*Id.*). Kindness is a Pennsylvania citizen that resides in Langhorne, Bucks County, Pennsylvania. (*Id.* at 2). Plaintiff and Kindness agreed that their Guaranty Agreement was to be governed, construed, and interpreted in accordance with the laws of the State of New Jersey. (*Id.*).

Plaintiff and Kindness are parties to a Guaranty Agreement that makes Kindness personally liable for A&R's obligations under its Lease Agreement with Plaintiff. (Compl. at 7). After leasing two trucks from Plaintiff for eleven months, A&R allegedly defaulted on the Lease Agreement with Plaintiff in April 2017. (*Id.* at 3). Following that default, Plaintiff issued a letter to A&R demanding payment. (*Id.*) When no such payment was received, interest began to accrue pursuant to the Lease Agreement at a rate of 1.5% per month. (*Id.* at 4). Plaintiff alleges that A&R damaged the vehicles that were leased, and that it is entitled to the price of repair. (*Id.* at 5). Plaintiff additionally claims it is entitled to compel A&R to purchase the vehicles under the terms of the Lease Agreement because they were not returned within twenty days of the Lease Agreement's termination. (*Id.* at 6). In total, Plaintiff alleges the default includes past due rental

---

[1] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

charges, damages to the vehicles, service charges, bank charges, the reasonable net value of the vehicles, and interest. (*Id.*).

Plaintiff has demanded payment from both A&R and Kindness with no relief. (*Id.* at 3, 7). Plaintiff thus brought this action in pursuit of all damages resulting from the breach of the Lease Agreement including: past due rental charges, damages to the vehicles, service charges, bank charges, interest, and reasonable attorney's fees. (*Id.* at 4, 7). Additionally, Plaintiff alleges that it is entitled to other relief as a matter of law, including costs, interest, and any additional sums as would reasonably and properly compensate it in accordance with the laws of the state of New Jersey. (*Id.* at 7). After the complaint was filed, Kindness was personally served, but has not responded to this suit.[2] As such, Plaintiff requested that the Clerk of this Court enter default against Kindness. (Doc. No. 5). The Clerk did so on January 30, 2018. (Doc. No. 7). Plaintiff now moves for default judgment. (Doc. No. 8).

**II. STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

---

[2] Summons was properly executed on September 21, 2017. (Doc. No. 4).

3

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

**III. DISCUSSION AND ANALYSIS**

   **A. Appropriateness of Default Judgment**

     *i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Kindness. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, this Court's jurisdiction is invoked on the basis of diversity under 28 U.S.C. § 1332. Plaintiff and Kindness are citizens of different states, and the amount in controversy, $123,940, exceeds the sum of $75,000 required by 28 U.S.C. § 1332.

We must also determine whether this Court may exercise personal jurisdiction over Kindness. To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, we must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. *Id.*; *see Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). Second, this

Court must apply the principles of due process. *IMO Indus., Inc.*, 155 F.3d at 259. In New Jersey, this inquiry is combined into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. *Id.*; *see Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection.")).

Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations and quotations omitted). A plaintiff may establish jurisdiction by proving the existence of either specific or general jurisdiction. *Id.*

Specific jurisdiction is established when a nonresident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from, or is related to, those activities. *See Burger King Corp. v. Rudzewiczi*, 471 U.S. 462, 472 (1985). To comport with the requirements of Due Process, a plaintiff must show that (1) the nonresident defendant has "certain minimum contacts with [the forum state]" and that (2) "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In this case, specific jurisdiction is established. Kindness's Guaranty Agreement with Plaintiff, a New Jersey citizen, stated that the Guaranty Agreement would be governed, construed, and interpreted in accordance with the laws of the State of New Jersey. (Compl. at 2). This suit is brought pursuant to said Guaranty Agreement. Kindness purposefully directed her

activities at New Jersey; plaintiff's injury is directly related to those activities—personal jurisdiction is established.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Kindness was properly served with a summons on September 21, 2017 and did not answer the action before the Clerk appropriately entered default under Rule 55(a) on January 30, 2018.

*iii. Fitness of Defendant to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of Servicemembers Civil Relief Act of 2003). In this case, it has been confirmed that Kindness is not an active duty servicemember.[3] Additionally, there is nothing in the record indicating Kindness is either incompetent or an infant. Rule 55(b)(2) is satisfied.

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Kindness. In evaluating if a Plaintiff has stated a cause of action, the court assumes the factual allegations in the complaint are true, and requires that they are enough to

---

[3] The Defense Manpower Agency informed Plaintiff's counsel that Kindness is not an active duty servicemember on January 18, 2018. (*See* Doc. No. 8-2).

raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint is sufficient. Plaintiff maintains that Kindness is a guarantor to the Lease Agreement breached by A&R. (Compl. at 7). A&R defaulted on the Lease Agreement. *(Id.)* Plaintiff informed Kindness that Kindness was required to fulfill A&R's obligations pursuant to their Guaranty Agreement. Kindness did not respond, did not fulfill those obligations, and has not defended herself in this action. (Doc. No. 8-2).

Accordingly, the Court finds that the allegations set forth in the complaint are sufficient to state a claim against Kindness. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co., Inc.,* No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))).

The Court finds that all three factors favor granting default judgment. First, Kindness has not articulated a cognizable meritorious defense. Kindness has instead failed to respond or defend herself. Second, because Kindness has not defended herself or otherwise responded, Plaintiff suffers prejudice if it does not receive default judgment because it has no other means of

vindicating its claim. *See Directv, Inc. v. Asher,* No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006). Third, Kindness's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on her part. *See Surdi v. Prudential Ins. Co of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D. Del. July 13, 2000)). In this case, said inference is drawn due to the evidence of the Guaranty Agreement put forth by Plaintiff. (Compl. at 7; Ex. 3). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. *See Hritz*, 732 F.2d at 1180-81. For the reasons discussed above, default judgment is appropriate.

**B. Damages**

Plaintiff alleges a balance of $123,940 exclusive of costs, interest, and attorney's fees. As the actual damages calculation as of this date is unclear, Plaintiff is ordered to present supplemental briefing on damages before this Court makes a decision regarding total damages.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Kindness is **GRANTED**. Plaintiff is required to submit supplemental briefing as to total damages on or before June 21, 2018. An appropriate order shall issue.


Dated: 6/4/2018  /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge